Nick I. Iezza, SBN 128570
Glenn C. Kelble, SBN 162935
Spiwak & Iezza, LLP
555 Marin Street, Suite 140
Thousand Oaks, CA 91360
Tel: (805) 777-1175
Fax: (805) 777-1168

Attorneys for Citizens Business Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS BUSINESS BANK,<br><br>Plaintiff,<br><br>vs.<br><br>THE VESSEL BELLEZZA, together with any and all present and future engines, boilers, machinery, masts, bowsprits, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, nets and fishing gear and all other appurtenances thereto belonging or appertaining, and any and all additions, improvements, and replacements hereafter made in or to the Vessel or any part of appurtenance or equipment thereof;<br>MITTEN OCEANIC INVESTMENTS, LLC, a Florida limited liability company;<br>JOHN R. THOMPSON, an individual;<br>SHILA C. FUERST, as executor of the estate of MICHAEL B. FUERST, deceased;<br>MARNIE FUERST-DUENAS, as trustee of THE FUERST FAMILY TRUST ESTABLISHED NOVEMBER 11, 2004,<br><br>Defendants. | CASE NO.: 8:18-cv-02163<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **For Foreclosure of First Preferred Ship Mortgage**<br>2. **For Breach of Promissory Note**<br>3. **For Breach of Guaranty**<br>4. **For Breach of Guaranty**<br>5. **For Breach of Guaranty** |

Plaintiff CITIZENS BUSINESS BANK alleges as follows:

1. This is a case involving admiralty and maritime jurisdiction and includes an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     Plaintiff CITIZENS BUSINESS BANK ("**Plaintiff**") is, and at all times mentioned herein was, a California state-chartered bank, authorized to conduct business in the State of California.

3.     Defendant JOHN R. THOMPSON ("**Mr. Thompson**") is an individual residing in the County of Orange, State of California.

4.     Defendant MITTEN OCEANIC INVESTMENTS, LLC ("**Borrower**") is, and at all times mentioned herein, was, a limited liability company organized under the laws of the State of Florida. Mr. Fuerst and Mr. Thompson are the members of record of Borrower.

5.     Defendant SHILA C. FUERST is the duly appointed executor for the estate of MICHAEL B. FUERST, having been appointed by the court in the probate matter filed on August 1, 2018 in the Superior Court of the State of California, County of Orange, case no. 30-2018-01009385-PR-PW-CJC. MICHAEL B. FUERST ("**Mr. Fuerst**") was an individual residing in the County of Orange, State of California and died in 2018.

6.     Defendant MARNIE FUERST-DUENAS is the duly appointed trustee of THE FUERST FAMILY TRUST ESTABLISHED NOVEMBER 11, 2004 (the "**Fuerst Family Trust**"; together with Mr. Fuerst and Mr. Thompson, the "**Guarantors**").

7.     THE VESSEL BELLEZZA is, and at all times mentioned herein was, a documented recreational vessel under the laws and regulations of the United States of America, with the official number 1258989 and hull number XSK05493I011, hailing from the port city of Newport Beach, California, and owned by Mitten Oceanic Investments, LLC. The Vessel Bellezza is within the above-captioned District or will be during the pendency of this action.

**General Allegations**

8.     On or about December 9, 2015, Borrower executed a **Promissory Note** to Plaintiff in which Borrower promised to pay Plaintiff the principal amount of $937,500.00, together with interest at the rate of 4.75% per annum on the unpaid principal balance from December 9, 2015. The Promissory Note evidences the loan made by Plaintiff to Borrower (the "**Loan**"). A true and correct copy of the Promissory Note is attached as **Exhibit 1** and is incorporated as if fully set forth herein. The Promissory Note required Borrower to make 59 monthly payments of $7,325.99, starting on January 9, 2016 with subsequent payments due on the same day of each month after that, with the entire balance

due on December 9, 2020. The Promissory Note provides that upon default, the interest rate shall increase by 5.000 percentage points. The Promissory Note provides that if a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the payment or $5.00, whichever is greater. Borrower's failure to make any payment when due under the Promissory Note constitutes an event of default. The Promissory Note provides that upon default, Plaintiff may require immediate payment of all amounts owing under the note. The Promissory Note provides that Borrower shall pay Plaintiff's costs and expenses, including legal fees and expenses in enforcing the note.

9. In order to secure payment of the amounts due under the Promissory Note, on December 9, 2015, Borrower as mortgagor executed and delivered to Plaintiff, as mortgagee, a First Preferred Ship Mortgage in first position and encumbering the Vessel Bellezza (the "**First Preferred Ship Mortgage**"). A true and correct copy of the First Preferred Ship Mortgage is attached as **Exhibit 2** and is incorporated as if fully set forth herein. Additionally, Borrower as mortgagor executed and delivered to Plaintiff, as mortgagee, a Preferred Ship Mortgage granting additional security interests and rights in the Vessel Bellezza, a true and correct copy of which is attached as **Exhibit 3**.

10. The First Preferred Ship Mortgage was duly recorded in the National Vessel Document Center, Department of Homeland Security, United State Coast Guard as Batch Number 32758100, Document # 4 on December 15, 2015 at 6:21 PM, which document shows, among other things, the name of the vessel, the name of the parties to the mortgage, the time and date of inception of the mortgage, the interest in the vessel mortgaged and the amount of the mortgage. The First Preferred Ship Mortgage was endorsed upon the documents of the Vessel Bellezza. The First Preferred Ship Mortgage did not stipulate that the mortgage waived the preferred status thereof. Under the First Preferred Ship Mortgage, a default under the Promissory Note constitutes a default under the mortgage. All the acts and things required to give the First Preferred Ship Mortgage the status of a preferred mortgage were duly done or caused to be done.

11. In order to induce Plaintiff to make the Loan to Borrower, on or about December 9, 2015, the Guarantors each made a Commercial Guaranty to and for the benefit of Plaintiff (each individually a "**Guaranty**" and collectively the "**Guaranties**"). A true and correct copy of the Guaranty made by Mr. Fuerst is attached as **Exhibit 4** and is incorporated as if fully set forth herein. A true and

correct copy of the Guaranty made by Mr. Thompson is attached as **Exhibit 5** and is incorporated as if fully set forth herein. A true and correct copy of the Guaranty made by the Fuerst Family Trust is attached as **Exhibit 6** and is incorporated as if fully set forth herein. Under each of their Guaranties, the Guarantors unconditionally guaranteed, on a continuing basis, payment to Plaintiff of all amounts owing under the Promissory Note and any other amounts owed by Borrower to Plaintiff, and the Guarantors agreed to pay Plaintiff's costs and expenses, including legal fees and expenses in enforcing the Guaranty.

12. Each Guaranty served as consideration for Plaintiff making the Loan and was made to induce Plaintiff to make the Loan. Plaintiff relied on each Guaranty in making the Loan. The consideration received by each Guarantor for executing and delivering their Guaranty was fair and adequate, and each Guaranty is just and reasonable. Each Guaranty constitutes a valid, binding and enforceable obligation. Plaintiff has performed all conditions, covenants, and terms required of it by each Guaranty, except as excused, prevented or waived by the conduct of Borrower and/or the Guarantors. Each Guarantor has accepted and has retained all of the benefits of Plaintiff's performance under the Guaranties.

13. The last payment made by Borrower was received on August 17, 2018 which paid the principal to August 9, 2018 and the interest to August 17, 2018. Borrower defaulted under the Promissory Note by, among other things, failing to pay the monthly payment due on September 9, 2018 and all payments thereafter (the "**Promissory Note Default**").

14. As a result of the Promissory Note Default, Plaintiff declared immediately due and payable the unpaid principal balance, interest, late charges, and other recoverable expenses under the Promissory Note. Despite demand, Borrower failed to cure its default, or pay the monies due and owing.

15. As of November 28, 2018, the unpaid principal amount of the Promissory Note was $816,832.63, accrued and unpaid interest was $20,063.45, unpaid late charges were $1,098.87, and in-house legal costs were $1,500.00. As of November 28, 2018, the interest rate applicable on the Loan was the default rate of 9.75%.

16. Because of the Promissory Note Default, under the terms of each Guaranty, each Guarantor is now jointly and independently responsible for payment of Borrower's obligations under the Promissory Note to Plaintiff. Each Guarantor is in default under their Guaranty by, among other things, failing to pay all sums which are due under the Promissory Note, and failing to cure the Promissory Note Default or otherwise satisfy the obligations of Borrower under the Promissory Note (each a "**Guaranty Default**"). Despite demand, each Guarantor has failed to cure the Guaranty Default, or pay the monies due and owing.

17. Under 46 U.S.C. § 31325, on the default of any term of the First Preferred Ship Mortgage, Plaintiff may enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in a civil action in personam in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness; and in a civil action against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness.

## FIRST CLAIM FOR RELIEF

### For Foreclosure of First Preferred Ship Mortgage

*(Against the Vessel "Bellezza", Mitten Oceanic Investments, LLC)*

18. Plaintiff repeats and realleges each of the prior allegations in this Complaint as set forth above.

19. Under the terms of the First Preferred Ship Mortgage, a default under the Promissory Note constitutes a default under the preferred mortgage, and upon such default Plaintiff may take possession of the Vessel Bellezza and have it sold at public or private sale after written notice to the mortgagor and that Plaintiff shall have the right to bid or purchase the vessel. In addition, under 46 U.S.C. § 31325 Plaintiff may, upon default under the preferred mortgage, enforce the preferred mortgage lien in a civil action in rem for a documented vessel.

20. As a result of Borrower's Promissory Note Default, Plaintiff seeks to foreclose on the First Preferred Ship Mortgage under 46 U.S.C. § 31325, to have the Court issue a warrant for the arrest of the Vessel Bellezza, to approve the appointment of a substitute custodian of the vessel after arrest by

the U.S. Marshal, and to order the sale of the vessel free and clear of claims pursuant to 46 U.S.C. § 31326.

## SECOND CLAIM FOR RELIEF

### For Breach of Promissory Note

*(Against Mitten Oceanic Investments, LLC)*

21. Plaintiff repeats and realleges each of the prior allegations in this Complaint as set forth above.

22. As a result of Borrower's Promissory Note Default and refusal to pay, Plaintiff is entitled to, and has been damaged in the sum of $839,494.95 plus other amounts according to proof.

23. Interest and charges on the Promissory Note continues to accrue on a daily basis, and Plaintiff is entitled to additional interest and charges according to proof.

24. As a result of Borrower's Promissory Note Default, Plaintiff has incurred, and will continue to incur, expenses and attorneys' fees in enforcing its rights under the Promissory Note.

## THIRD CLAIM FOR RELIEF

### For Breach of Guaranty

*(Against Michael B. Fuerst; Shila C. Fuerst, as executor of the estate of Michael B. Fuerst, deceased)*

25. Plaintiff repeats and realleges each of the prior allegations in this Complaint as set forth above.

26. As a result of Mr. Fuerst's Guaranty Default and refusal to pay, Plaintiff is entitled to, and has been damaged in the sum of $839,494.95 plus other amounts according to proof.

27. Interest and charges on the Promissory Note continues to accrue on a daily basis, and Plaintiff is entitled to additional interest and charges according to proof.

28. As a result of Mr. Fuerst's Guaranty Default, Plaintiff has incurred, and will continue to incur, expenses and attorneys' fees in enforcing its rights under the Guaranty.

## FOURTH CLAIM FOR RELIEF

### For Breach of Guaranty

*(Against The Fuerst Family Trust established November 11, 2004)*

29. Plaintiff repeats and realleges each of the prior allegations in this Complaint as set forth above.

30. As a result of The Fuerst Family Trust's Guaranty Default and refusal to pay, Plaintiff is entitled to, and has been damaged in the sum of $839,494.95 plus other amounts according to proof.

31. Interest and charges on the Promissory Note continues to accrue on a daily basis, and Plaintiff is entitled to additional interest and charges according to proof.

32. As a result of The Fuerst Family Trust's Guaranty Default, Plaintiff has incurred, and will continue to incur, expenses and attorneys' fees in enforcing its rights under the Guaranty.

## FIFTH CLAIM FOR RELIEF

### For Breach of Guaranty

*(Against John R. Thompson)*

33. Plaintiff repeats and realleges each of the prior allegations in this Complaint as set forth above.

34. As a result of Mr. Thompson's Guaranty Default and refusal to pay, Plaintiff is entitled to, and has been damaged in the sum of $839,494.95 plus other amounts according to proof.

35. Interest and charges on the Promissory Note continues to accrue on a daily basis, and Plaintiff is entitled to additional interest and charges according to proof.

36. As a result of Mr. Thompson's Guaranty Default, Plaintiff has incurred, and will continue to incur, expenses and attorneys' fees in enforcing its rights under the Guaranty.

WHEREFORE, Plaintiff prays for judgment as follows:

**FIRST CLAIM FOR RELIEF**

1. That the First Preferred Ship Mortgage dated December 9, 2015, executed and delivered by Borrower to Plaintiff, may be declared to be a valid and subsisting lien upon the Vessel Bellezza together with all her equipment as described in the First Preferred Ship Mortgage in the sum of $839,494.95 together with all other amounts required to disbursed by Plaintiff for the care, preservation, insurance and the cost of any additional insurance on the subject vessel, and all other advances, expenses, attorneys' fees, costs and disbursements by Plaintiff herein, with interest at the contract rate thereon, and that said mortgage be declared to be prior and superior to the interests, liens or claims of any and all persons, firms or corporations as may hold preferred maritime liens on the vessel.

2. For the issuance of a warrant for the arrest of the Vessel Bellezza, together with any and all present and future engines, boilers, machinery, masts, bowsprits, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, nets and fishing gear and all other appurtenances thereto belonging or appertaining, and any and all additions, improvements, and replacements hereafter made in or to the Vessel or any part of appurtenance or equipment thereof, or any part thereof.

3. For an order for appointment of a substitute custodian in place of the U.S. Marshal after arrest of the vessel and Plaintiff's application to the Court for appointment of such substitute custodian.

4. For an order that the Vessel Bellezza together with any and all present and future engines, boilers, machinery, masts, bowsprits, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, nets and fishing gear and all other appurtenances thereto belonging or appertaining, and any and all additions, improvements, and replacements hereafter made in or to the Vessel or any part of appurtenance or equipment thereof, be condemned and sold to pay the demands and claims of Plaintiff, with interest and costs, and that Plaintiff may become a purchaser at any sale of the mortgaged property.

5. That this Court may direct the manner in which the actual notice of commencement of this suit shall be given by the Plaintiff to the master, other rightful officer, or care taker of the Vessel

Bellezza, and any person, firm or corporation who has recorded a notice of claim of an undischarged lien upon the vessel.

6. That it be decreed that any and all persons, firms or corporations claiming any interest in the Vessel Bellezza are forever barred and foreclosed of and from all right or equity of redemption or claim of, in, or to the subject mortgaged vessel and every part thereof

7. That Plaintiff recover from Mitten Oceanic Investments, LLC the amount of any deficiency that may remain due to Plaintiff after the sale of the subject vessel and application of the net proceeds of sale of the mortgaged vessel to the amount of the decree herein.

8. For reasonable attorneys' fees.

9. For costs of suit herein.

10. For such other and further relief as may be just and appropriate.

### SECOND CLAIM FOR RELIEF

1. For the sum of $839,494.95 plus other charges according to proof;

2. For additional interest and other recoverable expenses under the Promissory Note according to proof;

3. For attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

1. For the sum of $839,494.95 plus other charges according to proof;

2. For additional interest and other recoverable expenses under the Promissory Note according to proof;

3. For attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

1. For the sum of $839,494.95 plus other charges according to proof;

2. For additional interest and other recoverable expenses under the Promissory Note according to proof;

3. For attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

1. For the sum of $839,494.95 plus other charges according to proof;

2. For additional interest and other recoverable expenses under the Promissory Note according to proof;

3. For attorneys' fees and costs.

## ON ALL CAUSES OF ACTION

1. For costs of suit incurred herein;

2. For such other and further relief as the Court deems proper.

Dated: December 6, 2018            SPIWAK & IEZZA, LLP

By: /s/ Glenn C. Kelble
Glenn C. Kelble
Attorneys for Citizens Business Bank

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I, BRUCE D. ADAMS, am employed by CITIZENS BUSINESS BANK, a party to this action, and am authorized to make this verification for and on its behalf. I have read the foregoing First Amended Complaint and know its contents. The matters stated in it are true of my own knowledge and based on my review of the books and business records of my employer kept in the regular course of its business, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _December 6, 2018_, at _Ontario, CA_
                           date                          city, state

_/s/ B. Adams_
signature

Bruce D. Adams, SVP
printed name